# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                      Telephone: (212) 317-1200
New York, New York 10165                           Facsimile: (212) 317-1620
_____

woates@faillacelaw.com

August 5, 2021

**Via ECF**

Hon. Robert W. Lehrburger
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

         Re:     Gerardo Juarez, et al v. Dolly Food Corp., et al
                      Docket No.: 20-cv-06426 (RWL)

Your Honor:

       This office represents Plaintiffs in the above-referenced matter. I write to respectfully request that the Court approve the settlement agreement ("the Agreement") reached by the Parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as Exhibit A.

       Plaintiffs have agreed to settle all of their claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel and was reached during mediation. There was no fraud or collusion by any of the Parties during the settlement process. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement.

       The Parties have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests. For these reasons, and based on the reasons set forth below, Plaintiffs respectfully request that that Court enter an Order approving the Agreement as fair and reasonable.

I.     **Background**

       Plaintiffs filed a Complaint against Defendants alleging claims for unpaid minimum wages, overtime compensation, and spread of hours pay; the failure to provide wage notices; the failure to provide accurate wage statements; the recovery of equipment costs; unlawful deductions from wages; and liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the spread of hours wage order of the New York Commissioner

Page 2

of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6. Plaintiffs allege that they are entitled to back wages of approximately $171,413.56 and would be entitled to approximately $426,533.40 if they had recovered in full for their claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

Plaintiffs contend that they were employed by Defendants at a diner, located at 250 East 58th Street, New York, New York 10022 under the name Moonstruck Eatery. Collectively, Plaintiffs were employed by Defendants from approximately 2018 until on or about May 17, 2020. Plaintiffs allege that Defendants engaged in a variety of FLSA and NYLL violations, including the failure to pay lawful wages and notice and recordkeeping violations. Defendants deny the allegations in the Complaint and deny that Plaintiffs are entitled to the above-claimed sums.

## II.  **Settlement Terms**

The Parties have agreed to settle this action for the total sum of $105,000.00. Pursuant to the Agreement, the Settlement Amount shall be paid in thirteen installment payments, with the first payment to be made by Defendants within (30) days after the Court's approval of the Agreement and the dismissal of this action with prejudice. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Towards that end, Defendants produced wage and hour records with respect to four Plaintiffs showing that these Plaintiffs did not earn the wages they claimed to have earned. In addition, Defendants contended that Plaintiffs were paid on an hourly basis and that, even if Plaintiffs succeeded on liability, their damages were not near what they claimed them to be. Defendants also had limited ability to pay a settlement, and it would have been difficult to enforce a large judgment against Defendants and collect it in full.

Considering these risks, the fact that Defendants indicated that they were financially strained due to the current pandemic, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

Page 3

### III. **<u>Plaintiffs' Attorneys' Fees are Fair and Reasonable</u>**

Under the settlement, Plaintiffs' counsel will receive $35,000.00 from the settlement fund for attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

Plaintiffs' counsel's lodestar in this case is $19,772.50 and Plaintiffs' costs are $400.00. A copy of Plaintiffs' billing record is attached as "Exhibit C." The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-cv-00105 (RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result.") (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-cv-08706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016)); *Shapiro v. JPMorgan Chase & Co.*, No. 11-cv-07961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the Agreement.

Given Plaintiffs' counsel's significant experience in representing plaintiffs in wage and hour matters, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the Parties' cooperative exchange of information and on-going negotiations. A brief biography of each attorney who performed billable work in this matter is as follows:

    i.    <u>Michael Faillace</u>. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by the Practicing Law Institute, and other employment law publications and presentations. Mr. Faillace's work is billed at the rate of $450.00 per hour, which is his standard billing rate for matters paid on an hourly basis.

    ii.    <u>William K. Oates</u>. I am an associate at Michael Faillace & Associates, P.C. I graduated New York Law School in 1995, and am admitted to the New York State Bar, United States District Court, Southern District of New York and the United States District Court, Eastern District of New York. Since law school I have practiced labor and

employment law, civil litigation, and commercial litigation at the New York City Office of the Corporation Counsel and at a number of private law firms. Since joining Michael Faillace & Associates, P.C. in December 2020, I have been responsible for a caseload involving all aspects of the firm's employment docket in federal court. My work is billed at the rate of $400.00 per hour.

      iii.    <u>Daniel Tannenbaum</u>[1]. Daniel Tannenbaum was an associate at Michael Faillace & Associates, P.C. He graduated Hofstra Law School in 2008, and is admitted to the New York Bar, New Jersey Bar, United States District Court, Southern District of New York, and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law and commercial litigation at a number of law firms. He joined Michael Faillace & Associates, P.C. in March 2019, where he was responsible for a caseload involving all aspects of the firm's employment docket in federal court. Mr. Tannenbaum's work was billed at the rate of $350.00 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them. Plaintiffs thank the Court for its time and consideration of this matter.

                Respectfully submitted,

                /s_____
                William K. Oates, Esq.

cc:    John Diviney, Esq. (via ECF)

Attachments

---

[1] In Exhibit "C," Mr. Tannenbaum's billing records are the ones that have the initials "CS" in the right-hand column.